the payment of compensation awards to State employees.''

(No. 3781—

CORA HINTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

ROY A. PTACIN AND J. W. KOUCKY, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The complaint in this case was filed on March 11, 1943. It alleges that the claimant resides at 2204 West Irving Park Road, Chicago, Illinois, and that prior to and on or about December 30, 1942, and January 23, 1943, claimant was in the employ of the respondent at the Chicago State Hospital under the jurisdiction of the Department of Public Welfare, Cook County, State of Illinois. The claimant was employed by respondent in the dining room of said institution and as such on the

days and dates aforesaid, she was engaged in her employment in said hospital, and on the 30th day of December, 1942, was injured by reason of an accident arising out of and in the course of her employment when she was struck by a steam table door upon her right foot on the large toe, and that as a result thereof she suffered a fracture of her right foot which has caused her great loss of use of same.

It further alleges she was unable to perform her duties for a period of three weeks following injury. Thereafter she returned to her employment and was again injured on the 23rd day of January, 1943, during the course of her employment by the respondent at said hospital when she stepped on some object lying on the floor which caused her to slip and fall suddenly and with great force down and upon and against the floor, as a result of which she suffered a fracture of her left arm, and thereby has suffered great loss of use of same.

It is alleged that she has been totally incapacitated from the 23rd day of January, 1943. At the time of taking the testimony in this case on the 3rd day of November, 1943, claimant dismissed her claim against the respondent with prejudice for the injury as of December 30, 1942. She makes claim only for the injury sustained by her on the 23rd day of January, 1943, for the loss of use of the left hand and the sum of $50.00 paid by claimant to Dr. C. L. Crean.

The only question to be decided therefore is the nature and amount of the disability arising from the accident of January 23, 1943, and the question of medical expenses in connection with said accident.

Dr. Albert C. Field, orthopedic surgeon, was called on behalf of claimant, who testified that he examined claimant and took x-rays. He testified that an examina-

148

tion of her left forearm, including her hand, discloses a shortening of the radius with an inward bowing, causing a prominence of the lower end of the radius; that there was a swelling of the left wrist amounting to a half inch or an inch; that on passive manipulation, extension is limited to about 25 degrees and that flexion was limited to about 25 degrees out of a possible 85 degrees; that eversion and inversion was about half the normal range. He testified that she had suffered a permanent injury and that the loss of motion and swelling and the other conditions about which he testified would interfere with the use of her hand, and that in his opinion the disability amounted to 40% permanent loss of use of her hand.

Dr. Catherine M. McCorry was called on behalf of the respondent. She testified that she agreed with the diagnosis and findings of Dr. Field and that in her opinion this claimant had suffered a 40% permanent loss of the use of her left hand.

Dr. McCorry also testified that she was the treating physician at the time of the last injury. She ordered the claimant to bed, put on a temporary splint and ordered her wrist packed in ice and extended, and informed the claimant she would put on a plaster of Paris cast on Wednesday after the arm had been reduced. But notwithstanding her orders to remain in bed, claimant left the hospital and employed the aforesaid Dr. Crean.

The court finds from the evidence and from the stipulation on file that the claimant, Cora Hinton, at the time of the alleged injury, was an employee of the respondent at the Chicago State Hospital, Chicago, Illinois, which operated under the provisions of the Workmen's Compensation Act; that notice of said accident was given and claim for compensation was made in accordance with the provisions of said Act; that the petition was filed

within the time allowed; that claimant was away from her employment three months; that claimant's earnings during the year next preceding the injury were $972.00 and that the average weekly wage was $18.69. That claimant at the time of the injury was 49 years of age and had no children under sixteen years of age. That necessary first aid, medical and hospital services had been provided by the respondent herein. That her claim for medical services in the sum of $50.00 to Dr. C. L. Crean must be denied for the reason all medical, surgical and hospital services were offered claimant. She elected to employ her own physician. The respondent is not liable under the Workmen's Compensation Act for this claim.

An award is therefore entered as follows: That the claimant is entitled to have and receive from the respondent the sum of $10.27 per week for a period of 68 weeks, as provided in paragraph e of Section 8 of the Workmen's Compensation Act, as amended, for the reason that the injury sustained caused a 40% permanent loss of use of the left hand of the claimant; that the sum of $605.93, representing 59 weeks has accrued to the 12th day of March, 1944, and is payable in a lump sum forthwith, the remainder of said award in the sum of $92.43 to be paid to said claimant by said respondent in weekly payments, commencing one week from the date last above mentioned.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."